IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DEONDRE ROBINSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Cause Number. 4:07CV1552 HEA |
| CITY OF ST. LOUIS, et al., | ) | |
| Defendants. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motions to Dismiss, [Doc. No.'s 15, 17, 19, and 20], for failure to state a claim. Although Plaintiff was given an extension of time to respond, Plaintiff has not filed an opposition to the motions. For the reasons set forth below, the Motions are granted.

## **Facts and Background**

Plaintiff's Complaint is styled a "Complaint for Violation of Civil Rights and for Wrongful Detention," however, the introduction of the Complaint states that the Complaint is for "Violation of Civil Rights and for Wrongful Termination[.]" Details contained within the Complaint present the following facts: Plaintiff was allegedly misidentified as an individual (with a similar name) that was wanted on outstanding warrants by the City of Chesterfield. Plaintiff was allegedly wrongfully arrested and incarcerated from August 28, 2002 until mid-November, 2002.

Plaintiff claims he was deprived of substantial constitutional rights and privileges in that he was wrongfully detained without just cause and deprived of his right to liberty, equal protection and due process under the "15th Amendment to the U.S. Constitution and the Missouri Constitution, Article I, Section 10 in violation of his civil rights and in violation of 42 U.S.C. § 1983[.]"  The Complaint does not identify any specific individual responsible for the alleged misidentification, nor does it set forth any alleged unconstitutional policies of the City of St. Louis.  All Defendants move to dismiss for failure to state a claim based on various grounds.

## **Motion to Dismiss Standard**

The purpose of a motion to dismiss is to test the sufficiency of the complaint. The Supreme Court has recently determined that *Conley v. Gibson's*, 355 U.S. 41, 45-46 (1957), "no set of facts" language "has earned its retirement." *Bell Atlantic Corp. v. Twombly,* __ U.S.__, __, 127 S.Ct. 1955, 1969 (May 21, 2007).  Noting the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" the Court held that a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic,* 127 S.Ct. at 1964-65, 1974.  In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965.  The Court explained that this new standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal

evidence of [the claim or element]." *Id.* On the other hand, the Court noted that "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). "[P]rior rulings and considered views of leading commentators" can assist in assessing the plausibility of the plaintiffs' allegations. *Id.* at 1966. This standard of review has recently been utilized by the Eighth Circuit Court of Appeals. The Court accepts "as true all factual allegations in the complaint, giving no effect to conclusory allegations of law. The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). (Citations omitted).

When considering a motion to dismiss, courts are still required to accept the complaint's factual allegations as true. *Twombly*, 127 S.Ct. at 1965. All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver*

*v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir. 1997). Furthermore, the Court, in construing the Complaint, may also consider the attachments thereto. Any written instrument attached to a complaint is considered a part of the complaint, and may be considered in ruling on a motion to dismiss. Fed.R.Civ.P. 10(c); *Quinn v. Ocwen Federal Bank FSB,* 470 F.3d 1240, 1244 (8th Cir. 2006). ("[W]ritten instruments attached to the complaint become part of it for all purposes. *See Fed.R.Civ.P. 10(c).* 'For that reason, a court ruling on a motion to dismiss under Rule 12(b)(6) may consider material attached to the complaint.' *Abels,* 259 F.3d at 921.")

### **Discussion**

The fundamental flaw in Plaintiff's Complaint is that it has nothing to do with the 15th Amendment to the U.S. Constitution. It appears that the Complaint contains an inadvertent reference to the 15th Amendment instead of the 14th Amendment, which would appear to apply in this matter. While this error is easily remedied by the filing of an Amended Complaint, as the Complaint now stands it fails to provide Defendants with a short and plain statement of the basis on which Plaintiff claims he is entitled to relief, pursuant to Rule 8 of the Federal Rules of Civil Procedure, and should be dismissed.

Moreover, the current Complaint is plagued with more substantive failings. Initially, it appears this action may be barred as to some

defendants by the applicable statute of limitations.

> In *Wilson v. Garcia*, 471 U.S. 261, 268, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the Supreme Court addressed the question of how to select "the most appropriate" or "most analogous" state statute of limitations to apply to a 42 U.S.C. § 1983 claim. The Court held first, that the federal interest in uniformity and the interest in having "firmly defined, easily applied rules" made the selection of the appropriate statute of limitations a question of federal law, id. at 270, 105 S.Ct. 1938; second, that "a simple, broad characterization of all § 1983 claims best fits the statute's remedial purposes," *id.* at 272, 105 S.Ct. 1938; and third, that § 1983 claims are best characterized as tort claims for personal injury and that the state statute of limitations for personal injuries should be applied to all § 1983 claims. *Id.* at 276-280, 105 S.Ct. 1938. The Supreme Court extended this reasoning in *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 661-662, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987), holding that state statutes of limitations for personal injury actions should also be applied to claims under § 1981.

*Gaona v. Town & Country Credit,* 324 F.3d 1050, 1054 -1055 (8th Cir. 2003).

The Complaint alleges that Plaintiff was arrested by the St. Louis Metropolitan Police Department on August 27, 2002 and released to st. Louis County on August 28, 2002. In Missouri, the applicable statute of limitations for personal injury actions is 5 years. *Sulik v. Taney Co.*, 393 F.3d 765, 767 (8th Cir. 2005); *Farmer v. Cook*, 782 F.2d 780 (8th Cir. 1986).

Defendants also argue that they should be dismissed because they cannot be held liable for the action of the others under a theory of *respondeat superior*

liability. It is well settled that one cannot be held liable in a Section 1983 action for the actions of his subordinates. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). Plaintiff must demonstrate that defendants were personally involved in the constitutional deprivation of his rights or had actual knowledge of the injury. *Wilson v. Cross*, 845 F.2d 163, 165 (8th Cir. 1988). Plaintiff fails to allege any defendant had any personal involvement in or direct responsibility for the events as to which Plaintiff complains. *See Hughes v. Stottlemyre,* 454 F.3d 791, 798 (8th Cir.2006); *White v. Farrier,* 849 F.2d 322, 327 (8th Cir.1988).

## Conclusion

Plaintiff's Complaint fails to state a cause of action against Defendants for the reasons set forth above. Plaintiff has failed to satisfy the pleading requirements set forth in *Twombly*, and has therefore failed to state a claim for which relief may be granted. The Motions to Dismiss are therefore well taken.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss, [Doc. No.'s 15, 17, 19, and 20] are **GRANTED**.

**IT IS HEREBY FURTHER ORDERED** that Plaintiff may, within 14 days from the date of this Order, request leave to file an Amended Complaint.

Dated this 30th day of January, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE