IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEONDRE ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause Number 4:07CV1552 HEA |
| ) | |
| ST. LOUIS COUNTY, MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants Van Buren and St. Louis County's Motion to Dismiss, [Doc. No. 26]. Plaintiff has not filed an opposition to the motion.[1] For the reasons set forth below, the Motion is granted in part and denied in part.

## **Introduction**

Plaintiff's First Amended Complaint is styled "First Amended Complaint for Violation of Civil Rights and for Wrongful Detention." The Complaint is brought on the following grounds: Count I: False Arrest-Wrongful Detention brought against

---

[1] Pursuant to the Court's Local Rules, Plaintiff's failure to file a written opposition may be construed as a concession of the merits of Defendant's Motion. See Local Rule 7-4.01(B). ("Except with respect to a motion for summary judgment under Fed.R.Civ.P.56, each party opposing a motion shall file, within five (5) days after being served with the motion, a memorandum containing any relevant argument and citations to authorities on which the party relies.")

Defendant St. Louis County; Count II: False Arrest-Wrongful Detention against Defendant Van Buren; Count III Wrongful Detention brought against Defendants John Doe Law Enforcement Officers, John Doe Corrections Officer and Other Unknown Corrections Officers of St. Louis County. The remaining defendants herein are St. Louis County, Detective Van Buren and John Doe Corrections Officer. St. Louis County and Van Buren now move to dismiss for failure to state a cause of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## Facts and Background

Plaintiff was allegedly misidentified as an individual (with a similar name) that was wanted on outstanding warrants by the City of Chesterfield. Plaintiff was allegedly wrongfully arrested and incarcerated from August 28, 2002 until mid-November, 2002.

On January 30, 2008, the Court granted Defendant's Motion to Dismiss Plaintiff's Complaint. Plaintiff filed this Amended Complaint on February 11, 2008.

## Discussion

The purpose of a motion to dismiss is to test the sufficiency of the complaint. The Supreme Court has recently determined that *Conley v. Gibson's*, 355 U.S. 41, 45-46 (1957), "no set of facts" language "has earned its retirement." *Bell Atlantic Corp. v. Twombly,* __ U.S.__, __, 127 S.Ct. 1955, 1969 (2007). Noting the

plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" the Court held that a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic,* 127 S.Ct. at 1964-65, 1974. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. The Court explained that this new standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* On the other hand, the Court noted that "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). "[P]rior rulings and considered views of leading commentators" can assist in assessing the plausibility of the plaintiffs' allegations. *Id.* at 1966. This standard of review has recently been utilized by the Eighth Circuit Court of Appeals. The Court accepts "as true all factual allegations in the complaint, giving no effect to conclusory allegations of law. The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). (Citations omitted).

When considering a motion to dismiss, courts are still required to accept the complaint's factual allegations as true. *Twombly*, 127 S.Ct. at 1965. All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir. 1997). Furthermore, the Court, in construing the Complaint, may also consider the attachments thereto. Any written instrument attached to a complaint is considered a part of the complaint, and may be considered in ruling on a motion to dismiss. Fed.R.Civ.P. 10(c); *Quinn v. Ocwen Federal Bank FSB,* 470 F.3d 1240, 1244 (8th Cir. 2006).

**Statute of Limitations**

Defendants St. Louis County and Van Buren argue Plaintiff's claims for false arrest should be dismissed because they are barred by the statute of limitations. The Supreme Court has held that claims brought under 42 U.S.C. § 1983 are governed by the statute of limitations of the state's personal injury statute. *See Wilson v. Garcia,* 471 U.S. 261, 280 (1985).

The running of the statute of limitations is an affirmative defense and must be

pled as such, however, "a motion to dismiss may be granted when a claim is barred under a statute of limitations." *Varner v. Peterson Farms,* 371 F.3d 1011, 1016 (8th Cir.2004); Fed.R.Civ.P. 12. When it is clear from the face of the complaint that the limitation period has run, this defense may be claimed under a Rule 12(b)(6) motion to dismiss. *Id.; Wycoff v. Menke,* 773 F.2d 983, 984-985 (8th Cir.1985).

Plaintiff's claims for a constitutional deprivation of rights based on false arrest is barred by the five-year statute of limitations. Plaintiff was arrested on August 28, 2002. He did not file his suit until August 31, 2007. Clearly the action was filed outside the five year time period. The statute of limitations on this claim expired on August 28, 2007. Plaintiff's Amended Complaint contains no allegations which would justify a tolling of the limitations period. Accordingly, the Court will dismiss plaintiff's action as it relates to the alleged false arrest of Plaintiff.

**Official v. Individual Capacity**

Defendant Van Buren moves to dismiss the claims against him because the First Amended Complaint fails to state the capacity in which he is sued, and as such, only states a claim against St. Louis County.

A plaintiff may assert § 1983 claims against a public official acting in his individual capacity and in his official capacity. For many reasons, including

exposure to individual damage liability, these are different causes of action. "'[T]he distinction between official-capacity suits and personal-capacity suits is more than a mere pleading device.' *Hafer v. Melo*, 502 U.S. 21, 27, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991) (quotation omitted)." *Baker v. Chisom,* 501 F.3d 920, 923 (8th Cir. 2007).

The Eighth Circuit has "repeatedly stated the general rule: 'If a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, we interpret the complaint as including only official-capacity claims.' *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir.1995); see *Nix. v. Norman*, 879 F.2d 429, 431 (8th Cir.1989). 'If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity.' *Artis v. Francis Howell N. Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir.1998)." *Id.*

A suit against a government official in his or her official capacity is "'"another way of pleading an action against an entity of which an officer is an agent.' *Monell v. Dep't of Social Services*, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). '[T]he real party in interest in an official-capacity suit is the governmental entity and not the named official.' *Hafer*, 502 U.S. at 25, 112 S.Ct. 358." *Baker*,

501 F.3d at 925. Plaintiff has stated a cause of action against St. Louis County, and therefore, his claims against Defendant Van Buren will be dismissed.

**St Louis County**

Defendant St. Louis County moves to dismiss Plaintiff's First Amended Complaint on several grounds. Initially, Defendant argues that Section 1983 does not provide a remedy for an alleged violation of the Missouri Constitution. The Court agrees. Section 1983 is a remedial statute, which "is not itself a source of substantive rights, but [rather] a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979)). The Eighth Circuit has specifically held that "violations of state laws, state-agency regulations, and more particularly, state-court orders, do not by themselves state a claim under 42 U.S.C. § 1983. Section 1983 guards and vindicates federal rights alone." *Ebmeier v. Stump*, 70 F.3d 1012, 1013 (8th Cir.1995). Plaintiff's claims of violations of the Missouri Constitution are therefore dismissed.

To evaluate plaintiff's § 1983 claims, the Court must look to the Amended Complaint for a description of the constitutional rights alleged to be at issue. Plaintiff claims his rights to be free from wrongful detention and wrongful

imprisonment under the 4th, 5th, 6th and 14th Amendments were violated. Under § 1983 , local governmental entities may be sued directly where the alleged unconstitutional action "implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers." *Monell v. New York City Dept. of Soc. Servs.,* 436 U.S. 658, 690-91 (1978). Local governments may also be sued for constitutional violations arising out of governmental custom, even if such custom "has not received formal approval through the body's official decisionmaking channels." Id.

With respect to Plaintiff's federal constitutional claims, it is clear that a municipality or governmental entity cannot be held vicariously liable under § 1983 for the unconstitutional conduct of its agents or employees. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978). Rather, a municipality may be held liable under § 1983 only if the plaintiff identifies a particular policy, custom, or practice that resulted in the alleged constitutional violations. *City of Canton v. Harris,* 489 U.S. 378, 386-87 (1989); *Brockinton v. City of Sherwood,* 503 F.3d 667, 674 (8th Cir.2007).

Plaintiff "must identify a governmental 'policy or custom that caused the plaintiff's injury.'" *Brockinton*, 503 F.3d at 674 (quoting *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)). A governmental custom requires "a

pattern of 'persistent and widespread' ... practices which bec[o]me so 'permanent and well settled' as to have the effect and force of law." *Brockinton,* 503 F.3d at 674 (quoting *Doe v. Special Sch. Dist.*, 901 F.2d 642, 645 (8th Cir.1990)). A governmental policy "involves a deliberate choice to follow a course of action ... made from among various alternatives by an official who has the final authority to establish governmental policy." *Id.*

The Amended Complaint alleges that St. Louis County and St. Louis County police and corrections officers violated Plaintiff's rights to be free from wrongful detention and false arrest, when

> they knew or should have known of misidentification problems, by failing to adopt or promulgate precise and clear identification procedures, and adopted and permitted a custom and practice leading to misidentification of Plaintiff; allowed or permitted faulty or improper identification of arrestees by 'near hit' procedures concerning identification through computer based crime reporting systems such as M.U.L.E.S. or N.C.I.C., without utilizing photo or print identification, thereby becoming the custom and practice of Defendants, leading to misidentification;

Construing the First Amended Complaint in the light most favorable to Plaintiff, considering all reasonable inferences to be drawn therefrom, and mindful that a motion to dismiss tests solely the sufficiency of the complaint, the Court finds that Plaintiff's First Amended Complaint sufficiently alleges a cause of action

against Defendant St. Louis County. Plaintiff identifies the policy and custom of which he claims violated his civil rights, *i.e.* the County's failure to exercise an accurate system of identifying arrestees so as to avoid misidentification. Plaintiff is not required to plead each fact giving rise to his claim, see, *Leatherman v. Tarrant*, 507 U.S. 163, 168 (1993).[2] Rather, Plaintiff must set forth sufficient detail to

---

[2] The Eighth Circuit has specifically recognized that courts may not require heightened pleading requirements for Section 1983 claims against individuals.

> Common law heightened pleading requirements, while once enforced in § 1983 suits, have been eliminated. The Supreme Court invalidated heightened pleading requirements in § 1983 suits against municipalities in *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). However, the status of heightened pleading requirements for § 1983 claims against *individual defendants* remained an open question. *See Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 779 n. 3 (8th Cir. 1995). Following *Leatherman*, this Circuit continued to require heightened pleading in § 1983 suits against individual defendants, reasoning that particularity in pleadings facilitated the individual government official's ability to mount a qualified immunity defense early in the litigation. *Id.* We now recognize *Edgington's* heightened pleading requirement in § 1983 suits against individual defendants has been abrogated. The only permissible heightened pleading requirement in civil suits are those contained in the Federal Rules of Civil Procedure or those in federal statutes enacted by Congress. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).
>
>> Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions. Rule 9(b), for example, provides for greater particularity in all averments of fraud or mistake. This Court, however, has declined to extend

establish that his claim is at least plausible on its face. Plaintiff has done so with respect to Defendant St. Louis County.

Defendant St. Louis County also argues that Plaintiff fails to plead that no Chesterfield warrant exited for his arrest and detention. Under the pleading standards of the Federal Rules of Civil Procedure, requiring Plaintiff to plead each and every detail as prompted by Defendant goes against the letter and spirit of the Rules. Implicit in Plaintiff's allegations are the reasonable inferences to be drawn that Plaintiff claims there was no valid reason for his arrest. Whether Plaintiff can ultimately prove the allegations of the First Amended Complaint are not the subject of this motion and use of discovery will lead to resolution of the matters contained within this suit. At this stage, however, Defendant is not entitled to dismissal.

---

> such exceptions to other contexts. In *Leatherman* we stated; "[T]he Federal rules do address in Rule 9(b) the question of the need of greater particularity in pleading certain actions, but do not include among the enumerated action any reference to complaints alleging municipal liability under § 1983. *Expressio unius est exclusio alterius.*" Just as Rule 9(b) makes no mention of municipal liability under [§ 1983], neither does it refer to employment discrimination. Thus, complaints in these cases, as in most others, must satisfy only the simple requirements of Rule 8(a).

*Id. (quoting Leatherman*, 507 U.S. at 168, 113 S.Ct. 1160)(footnotes and citation omitted). *Doe v. Cassel*, 403 F.3d 986, 988-89 (8th Cir. 2005)(footnote omitted).

## Conclusion

Plaintiff fails to state a cause of action against Defendant Van Buren in that the First Amended Complaint fails to identify in what capacity this action is brought against Van Buren, and as such, it is merely another claim against St. Louis County. Conversely, Plaintiff's First Amended Complaint sets forth a cause of action pursuant to 42 U.S.C. § 1983 against St. Louis County.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, [Doc. No. 6] is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Defendant Van Buren is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that Plaintiff's claim for a violation of the Missouri Constitution is **DISMISSED**.

**IT IS FURTHER ORDERED** that Defendant St. Louis County's Motion to Dismiss as to Plaintiff's Section 1983 claim is **DENIED**.

Dated this 9th day of April, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE