IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEONDRE ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Cause Number. 4:07CV1552 HEA |
| | ) | |
| ST. LOUIS COUNTY, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants Van Buren and St. Louis County's Motion to Dismiss, [Doc. No. 39]. Plaintiff has not filed an opposition to the motion.[1] For the reasons set forth below, the Motion is granted in part and denied in part.

## Introduction

Plaintiff's Second Amended Complaint is styled "Second Amended Complaint for Violation of Civil Rights and for Wrongful Detention." The Complaint is brought on the following grounds: Count I: False Arrest-Wrongful Detention brought against Defendant St. Louis County; Count II: False Arrest-

---

[1] Pursuant to the Court's Local Rules, Plaintiff's failure to file a written opposition may be construed as a concession of the merits of Defendant's Motion. See Local Rule 7-4.01(B). ("Except with respect to a motion for summary judgment under Fed.R.Civ.P.56, each party opposing a motion shall file, within five (5) days after being served with the motion, a memorandum containing any relevant argument and citations to authorities on which the party relies.")

Wrongful Detention against Defendant Van Buren; Count III Wrongful Detention brought against Defendants John Doe Law Enforcement Officers, John Doe Corrections Officer and Other Unknown Corrections Officers of St. Louis County. The remaining named defendants herein are St. Louis County, Detective Van Buren and John Doe Corrections Officer.[2] St. Louis County and Van Buren now move to dismiss for failure to state a cause of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Facts and Background**

In its April 9, 2008 Opinion, Memorandum and Order, the Court set out the factual background of this action:

> Plaintiff was allegedly misidentified as an individual (with a similar name) that was wanted on outstanding warrants by the City of Chesterfield. Plaintiff was allegedly wrongfully arrested and incarcerated from August 28, 2002 until mid-November, 2002.
>
> On January 30, 2008, the Court granted Defendant's Motion to Dismiss Plaintiff's Complaint. Plaintiff filed this Amended Complaint on February 11, 2008.

On May 13, 2008, Plaintiff filed his Second Amended Complaint against Defendants St. Louis County, Detective Van Buren and John Doe Corrections

---

[2] Although the style of Plaintiff's Second Amended Complaint sets forth that the suit is brought against "John Doe Corrections Officer," Count III of the Second Amended Complaint states that this count is brought "John Doe" Corrections Officer, and other unknown "John Doe" Corrections Officers of St. Louis County, and other "John Doe" law enforcement personnel." Thus, the Court, and presumably as well as Defendants, is confuses as to whom Count III is actually brought. It would behoove Plaintiff to once again amend his Complaint to consistently name the remaining defendants against whom this action is brought.

Officer.[3]

## Discussion

The Court also has previously visited the applicable standard for a motion to dismiss in its previous Opinion:

> The purpose of a motion to dismiss is to test the sufficiency of the complaint. The Supreme Court has recently determined that *Conley v. Gibson's*, 355 U.S. 41, 45-46 (1957), "no set of facts" language "has earned its retirement." *Bell Atlantic Corp. v. Twombly,* __ U.S.__, __, 127 S.Ct. 1955, 1969 (2007). Noting the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" the Court held that a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic,* 127 S.Ct. at 1964-65, 1974. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. The Court explained that this new standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* On the other hand, the Court noted that "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). "[P]rior rulings and considered views of leading commentators" can assist in assessing the plausibility of the plaintiffs' allegations. *Id.* at 1966. This standard of review has recently been utilized by the Eighth Circuit Court of Appeals. The Court accepts "as true all factual allegations in the complaint, giving no effect to conclusory allegations of law. The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). (Citations omitted).
>
> When considering a motion to dismiss, courts are still required to accept the complaint's factual allegations as true. *Twombly*, 127

---

[3] See, however, footnote 2, *supra*.

S.Ct. at 1965. All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir. 1997). Furthermore, the Court, in construing the Complaint, may also consider the attachments thereto. Any written instrument attached to a complaint is considered a part of the complaint, and may be considered in ruling on a motion to dismiss. Fed.R.Civ.P. 10(c); *Quinn v. Ocwen Federal Bank FSB,* 470 F.3d 1240, 1244 (8th Cir. 2006).

**<u>Statute of Limitations</u>**

Defendants St. Louis County and Van Buren argue Plaintiff's claims for false arrest should be dismissed because they are barred by the statute of limitations. The Supreme Court has held that claims brought under 42 U.S.C. § 1983 are governed by the statute of limitations of the state's personal injury statute. *See Wilson v. Garcia,* 471 U.S. 261, 280 (1985).

The running of the statute of limitations is an affirmative defense and must be pled as such, however, "a motion to dismiss may be granted when a claim is barred under a statute of limitations." *Varner v. Peterson Farms,* 371 F.3d 1011, 1016 (8th Cir.2004); Fed.R.Civ.P. 12. When it is clear from the face of the complaint that the limitation period has run, this defense may be claimed under a Rule 12(b)(6) motion to dismiss. *Id.; Wycoff v. Menke,* 773 F.2d 983, 984-985 (8th Cir.1985).

Plaintiff's claims for a constitutional deprivation of rights based on false arrest

is barred by the five-year statute of limitations. Plaintiff was arrested on August 28, 2002. He did not file his suit until August 31, 2007. Clearly the action was filed outside the five year time period. The statute of limitations on this claim expired on August 28, 2007. Plaintiff's Second Amended Complaint contains no allegations which would justify a tolling of the limitations period. Accordingly, the Court will dismiss plaintiff's action as it relates to the alleged false arrest of Plaintiff.

**Individual Capacity of Defendant Van Buren**

The Second Amended Complaint now alleges that this action was brought against Defendant Van Buren in his individual capacity.[4] Defendant moves to dismiss the claims against him as barred by the five year statute of limitations. The Second Amended Complaint was filed on May 13, 2008. As the actions allegedly taken in violation of Plaintiff's civil rights ended at the very latest on December 5, 2002,[5] any claims against Van Buren in his individual capacity must have been brought within five years of December 5, 2002.

---

[4] The Court's previous Opinion dismissed the claims against Defendant Van Buren because there was no designation by Plaintiff as to the capacity in which suit was brought against Van Buren, *i.e.*, whether the suit was against Van Buren in his official or individual capacity. Without such designation, the Eighth Circuit construes the action as one brought in the defendant's official capacity and is, therefore considered a suit against the governmental entity which is immune from suit under the Eleventh Amendment. See Opinion, Memorandum and Order dated April 9, 2008 for a more thorough discussion.

[5] The Court, for purposes of Van Buren's statute of limitations argument, assumes the latest possible date of December 5, 2002, without analysis as to whether Van Buren's alleged activity continued up to December 5, 2002.

Van Buren, in his individual capacity, was not a party to this action from its inception. *Kentucky v. Graham,* 473 U.S. 159, 167-68, 105 S.Ct. 3099, 3106, 87 L.Ed.2d 114 (1985). Because Van Buren in his individual capacity was not a party to the first suit, the running of the five-year limitations period as to Plaintiff's claims against him ended December 5, 2007. See *Baker v. Chisom,* 501 F.3d 920, 924 - 925 (8th Cir. 2007), cert. denied, 128 S.Ct. 2932 (2008)(Action brought against defendant in his official capacity does not afford Plaintiff the benefit of the state "saving statute" allowing a refiling within one year of dismissal to an action against defendant in his individual capacity); *Baker v. Chisom,* WL 1980642, *3-4 (E.D.Ark. 2006); *Accord Gonzalez- Alvarez v. Rivero-Cubano,* 426 F.3d 422, 428 (1st Cir. 2005) ("[D]efendants sued only in their official capacities in the original complaint cannot be expected to be on notice of the very different issues raised by claims against them in their personal capacities."); *Eaglesmith v. Ward,* 73 F.3d 857, 860 (9th Cir.1995); *Ladien v. Bd. of Trustees, Univ. of Ill.,* No. 93-6573, 1994 WL 395078, at *4 (N.D.Ill. July 27, 1994). The claims against Van Buren in his individual capacity will therefore be dismissed.

The Court has previously held that the suit against Van Buren in his official capacity should be dismissed. Therefore, the claims against him in his official capacity in the Second Amended Complaint are again subject to dismissal for the

reasons articulated in the Court's April 9, 2008 Opinion.

**St Louis County**

Defendant St. Louis County moves to dismiss Plaintiff's Second Amended Complaint on several grounds. Initially, Defendant again argues that Section 1983 does not provide a remedy for an alleged violation of the Missouri Constitution. As previously discussed, the Court agrees:

> Section 1983 is a remedial statute, which "is not itself a source of substantive rights, but [rather] a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979)). The Eighth Circuit has specifically held that "violations of state laws, state-agency regulations, and more particularly, state-court orders, do not by themselves state a claim under 42 U.S.C. § 1983. Section 1983 guards and vindicates federal rights alone." *Ebmeier v. Stump*, 70 F.3d 1012, 1013 (8th Cir.1995). Plaintiff's claims of violations of the Missouri Constitution are therefore dismissed.

Opinion, Memorandum and Order dated April 9, 2008.

St. Louis County again moves to dismiss Plaintiff's claims based on the argument that Plaintiff has insufficiently stated a claim under *Monell*.

Under § 1983, local governmental entities may be sued directly where the alleged unconstitutional action "implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers." *Monell v. New York City Dept. of Soc. Servs.,* 436 U.S. 658, 690-91

(1978). Local governments may also be sued for constitutional violations arising out of governmental custom, even if such custom "has not received formal approval through the body's official decisionmaking channels." *Id.*

With respect to Plaintiff's federal constitutional claims, it is clear that a municipality or governmental entity cannot be held vicariously liable under § 1983 for the unconstitutional conduct of its agents or employees. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978). Rather, a municipality may be held liable under § 1983 only if the plaintiff identifies a particular policy, custom, or practice that resulted in the alleged constitutional violations. *City of Canton v. Harris,* 489 U.S. 378, 386-87 (1989); *Brockinton v. City of Sherwood,* 503 F.3d 667, 674 (8th Cir.2007).

Plaintiff "must identify a governmental 'policy or custom that caused the plaintiff's injury.'" *Brockinton*, 503 F.3d at 674 (quoting *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)). A governmental custom requires "a pattern of 'persistent and widespread' ... practices which bec[o]me so 'permanent and well settled' as to have the effect and force of law." *Brockinton,* 503 F.3d at 674 (quoting *Doe v. Special Sch. Dist.*, 901 F.2d 642, 645 (8th Cir.1990)). A governmental policy "involves a deliberate choice to follow a course of action ... made from among various alternatives by an official who has the final authority to

establish governmental policy." *Id.*

Defendant St. Louis County argues that Plaintiff must identify an individual employee of the County initially in order to state a claim and also must allege that a policy maker implemented the policy which gave rise to the violation of Plaintiff's constitutional rights. These issues, however, go to the matter of proof, rather than to whether Plaintiff has stated a claim. Plaintiff has alleged an inappropriate policy and deliberate indifference to his rights. At this stage, Plaintiff's claim against St. Louis County survives. Through the use of discovery, the facts may establish that such a policy does not exist, at which time, the County may file the appropriate motion. For the purposes of the current motion and for the reasons set forth in the April 9, 2008 Opinion, however, the Court concludes that the Second Amended Complaint states a cause of action against St. Louis County.

## **Conclusion**

Plaintiff fails to state a cause of action against Defendant Van Buren in that the claims against him in his individual capacity are time barred. Further, the Second Amended Complaint fails with respect to Van Buren in his official capacity because it is merely another claim against St. Louis County. Plaintiff's Second Amended Complaint sets forth a cause of action pursuant to 42 U.S.C. § 1983 against St. Louis County.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, [Doc. No. 39] is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Defendant Van Buren is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that Plaintiff's claim for a violation of the Missouri Constitution is **DISMISSED**.

**IT IS FURTHER ORDERED** that Defendant St. Louis County's Motion to Dismiss as to Plaintiff's Section 1983 claim is **DENIED**.

Dated this 12th day of August, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE